UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **JOHNNY TORRES**<br>**FED. REG. #51425-019** | **CIVIL ACTION NO. 2:10-CV-845** |
| VS. | SECTION P |
| | JUDGE MINALDI |
| **JOSEPH P. YOUNG** | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. §2241 on May 20, 2010 by petitioner Johnny Torres. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO). Petitioner names FCIO Warden J.P. Young as his defendant herein.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §2241 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

The petitioner, Johnny Torres, was convicted by a jury on January 24, 2001, for conspiracy to possess with intent to distribute at least five (5) kilograms of cocaine and possession with intent to distribute cocaine. *See USA v. Severiono*, et al, 1:99-cr-186 (U.S. District Court, Northern District of Georgia (Atlanta). He was subsequently sentenced to 360 months incarceration. Torres filed a notice of appeal on August 29, 2001. The judgment was

affirmed on May 22, 2002, by the Eleventh Circuit Court of Appeals.

Torres filed his first 28 U.S.C. §2255 motion on October 8, 2003. *Id*. at 317. The motion was denied on April 16, 2004. *Id.* at 321. Petitioner appealed the denial. His motion for certificate of appealability was denied by the U.S. Court of Appeals on December 20, 2004. *Id* at 330. On February 3, 2006, petitioner filed a motion for relief from judgment (FRCP 60(b)(5) or (6)). *Id.* at 332. That motion was denied on July 21, 2008. *Id* at 334. Petitioner appealed and on September 24, 2009, the Eleventh Circuit Court of Appeals vacated that order and remanded to the District Court with instructions to dismiss same for lack of jurisdiction. *Id*. at 357. More specifically, the Eleventh Circuit stated that Torres' Rule 60(b) motion was successive to that of his previously filed/denied §2255 motion and he failed to seek permission from the Eleventh Circuit to file same.

Torres filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 on May 20, 2010, in which he again raises his probation-related criminal history point argument. (Doc. 1) He states that "§2241 serves the essential function of ...giving a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *Id.*. Petitioner asks this court to vacate his sentence, order a new pre-sentence report, and remand the case back to the district court for re-sentencing using the correct calculations which he claims will reduce his criminal history category. *Id.*

### *Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241 challenging the sentence imposed by the United States District Court for the Northern District of Georgia. *Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to

challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

Here, petitioner collaterally attacks his sentence and therefore, his claim should be advanced in a Motion to Vacate filed pursuant to 28 U.S.C. §2255.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the §2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Petitioner argues that use of §2241 is proper here because it gives a prisoner a reasonable

3

opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence. That allegation is insufficient to invoke the savings clause. Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

*Conclusion and Recommendation*

Considering the forgoing, **IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

**the legal conclusions accepted by the District Court, except upon grounds of plain error.**
*See Douglass v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 26th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE